UNITED STATES of America ex rel. Clifford HUNDLEY, Petitioner,

v.

Mr. Warren PINTO, Superintendent of the New Jersey State Prison Farm, Rahway, New Jersey, Respondent.

Civ. No. 499-67.

United States District Court
D. New Jersey.

March 19, 1968.

Clifford Hundley pro se.

Solomon Forman, Asst. Prosecutor, Atlantic City, N. J., for defendant.

## MEMORANDUM AND ORDER

MADDEN, District Judge:

This application for issuance of a writ of habeas corpus was filed by the petitioner, Clifford Hundley, an inmate of the New Jersey State Prison Farm, at Rahway, New Jersey, who is presently serving a sentence of fifteen to twenty years imposed by the Atlantic County Court upon his conviction for armed robbery.

Since the filing of his original writ of habeas corpus, the petitioner has corresponded with the Court on two occasions to make certain additions to his original petition. The Court will consider these additions as if contained in the original petition.

Petitioner alleges that there was lack of probable cause for his arrest, that he was deprived of his constitutional right to have counsel assigned to him at the time of his arrest and questioning, that he was not advised of his right to have counsel assigned to him at the time of the Magistrate hearing, that the trial judge was prejudicial, and that the trial court erred by admitting certain evidence.

The petition discloses that petitioner has appealed to, and has been denied relief by the New Jersey Superior Court, Appellate Division, and the New Jersey Supreme Court. Both State Appellate Courts decided the matter without opinion.

The only grounds presented in this petition that have been presented to the Courts of New Jersey are that petitioner was deprived of his constitutional rights by not having counsel assigned to him at his arrest, questioning, or Magistrate hearing, and that the trial judge was prejudicial. As to these grounds, petitioner has sufficiently exhausted his State remedies, as required by 28 U.S.C. § 2254, even though no post-conviction relief was sought in the New Jersey Courts. This requirement is satisfied when a conviction is appealed unsuccessfully through at least one branch of the State Appellate process on the same grounds advanced here, since the State has thereby been afforded the initial opportunity to cure alleged constitutional defects in its administration of criminal justice. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner's remaining allegations, that there was lack of probable cause for his arrest and that the trial court erred by admitting certain evidence, have not been passed on by the Courts of New Jersey and are dismissed, pursuant to 28 U.S.C. § 2254, without prejudice, to allow petitioner opportunity to exhaust his State remedies.

The Court finds no merit in petitioner's allegations that he was deprived of his constitutional rights by not having counsel assigned to him at the time of his arrest, questioning, or Magistrate hearing.

In consideration of petitioner's allegation that he was deprived of his constitutional rights by not having counsel assigned at the time of his Magistrate hearing, it is noted that under New Jersey Rules of Practice, Rule 8:4-2, arraignment affords an opportunity to the

accused to plea, as a condition precedent to trial; thus in New Jersey arraignment is not "a part of the trial." Nor is arraignment in New Jersey a "critical stage" in the criminal proceeding where an accused enters a plea of not guilty, for at the time of arraignment an accused does not waive any defenses, rights, or privileges that he might later wish to raise. Petitioner having entered a plea of not guilty, and not having waived any defenses, was not denied due process of law by not having counsel at the time of his arraignment or Magistrate hearing.

■ With reference to petitioner's allegation that he was deprived of his constitutional right to have counsel assigned to him at the time of his arrest and questioning, it is noted that the record discloses that petitioner was arrested for armed robbery on December 5, 1964 and questioned both on December 5th and 6th of 1964. He was tried in May of 1965 and sentenced on June 22, 1965. Prior to June 13, 1966, an accused did not have the constitutional right of having counsel assigned to him at time of arrest or questioning.

■ In Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, decided on June 22, 1964, the Supreme Court set forth the proposition that it is a denial of the constitutional right to counsel in violation of the Sixth and Fourteenth Amendments where a police investigation is no longer a general inquiry into an unsolved crime, but has begun to focus on a particular suspect in police custody, who has been refused an opportunity to consult with his counsel, and who has not been warned of his constitutional right to keep silent; and, further, no statement extracted by the police during the interrogation may be used at trial. Thus, under the Escobedo decision, the State after advising the petitioner of his constitutional right to silence was required to permit petitioner opportunity to consult with his counsel, however, this is not to say that the State was required to obtain or pay for petitioner's counsel as of June 22, 1964, the date of

the Escobedo decision. It was not until June 13, 1966, that the Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, set forth the following procedures that must be observed in absence of other effective measures to safeguard constitutional rights: The person in custody must, prior to interrogation, be clearly informed that he has a right to remain silent and that anything he says will be used against him in court; he must be clearly informed that he has a right to consult with a lawyer and to have the lawyer with him during interrogation; and that, if he is indigent, a lawyer will be appointed to represent him. Pp. 467–473, 86 S.Ct. 1602. In Johnson et al. v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the Supreme Court held that neither Escobedo nor Miranda were to be applied retroactively. Pp. 726–735, 86 S.Ct. 1772.

Petitioner having been arrested, tried and convicted prior to the effective date of the Miranda decision (June 13, 1966), but after the effective date of the Escobedo decision (June 22, 1964) was entitled to the constitutional safeguards set forth in Escobedo v. State of Illinois, however, the procedures set forth in Miranda are not applicable to petitioner since Miranda is not to be applied retroactively. The record establishes that petitioner was accorded his constitutional rights as established in Escobedo v. State of Illinois. The Court finds the petitioner did not have a constitutional right to have counsel assigned to him at the time of his arrest or questioning prior to June 13, 1966.

■ Petitioner's remaining allegation, which is properly before the Court, that the trial judge was prejudicial, is without merit and unsupported by the record.

Therefore, petitioner's allegations that he was deprived of his constitutional rights by not having counsel assigned to him at his arrest, questioning, or Magistrate hearing and that the trial judge was prejudicial are dismissed for lack of merit. Petitioner's allegations that

there was lack of probable cause for his arrest and that the trial court erred by admitting certain evidence are dismissed, without prejudice, pursuant to 28 U.S.C. § 2254, to permit petitioner opportunity to exhaust State Court remedies.

Wherefore, it is on this 19th day of March, 1968, ordered that the petitioner's application be and is hereby denied.

The Court is of the opinion that a Certificate of Probable Cause is warranted in this matter, and, upon appropriate application having been made therefor, it will be deemed to have been granted.